IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **V.** | ) Criminal Action No. 21-00079-KD-B |
| | ) |
| **JASON RYAN McDUFFIE,** | ) |
| | ) |
| **Defendant.** | ) |

# ORDER

This action is before the court on defendant Jason Ryan McDuffie's Motion to Amend his Judgment (doc. 981). Upon consideration, and for the reasons set forth herein, the motion is DENIED.

Defendant McDuffie was indicted with fifteen co-defendants for offenses related to drug-trafficking (doc. 37). He pled guilty to the offense of conspiracy to possess with intent to distribute cocaine (doc. 314, 318, 374). Defendant McDuffie's oral pronouncement of sentence was made on September 18, 2024. Judgment was entered on September 24, 2024 (doc. 979). He was sentenced to 75 months with credit for time served since May 17, 2021.

On October 18, 2024, McDuffie filed the instant motion to amend his sentence (doc. 981). He moves the Court to amend his sentence to include a non-binding recommendation to the Federal Bureau of Prisons that he serve the last twelve (12) months of his sentence in a halfway house or residential re-entry center near his home. He states that he made this request in a handwritten letter which was filed with the Court under seal before sentencing but was not addressed at the sentencing hearing. He also asks the Court to recommend that he serve his sentence at the prison facility nearest to Mobile, Alabama which would facilitate family visitation.

McDuffie does not cite to any statute, rule, or case law in support of his motion. Therefore, he has not provided any legal authority for the Court to modify his judgment to include these recommendations.

However, the Second Chance Act provides that "[t]he Director of the Bureau of the Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the re-entry of that prisoner into the community. Such conditions may include a community correctional facility." 18 U.S.C. § 3624(c)(1) (as amended by the Second Chance Act of 2007, Pub. L. No. 110–119, April 9, 2008).  The Act requires the Director of the Bureau of Prisons to issue regulations to ensure that placement in a community correctional facility is decided on an "individual basis", is of "sufficient duration to provide the greatest likelihood of successful reintegration into the community" and "conducted in a manner consistent with section 3621(b)[.]" 18 U.S.C. § 3624(c)(6).  Under 18 U.S.C. § 3621(b), the BOP may consider "the resources of the facility contemplated; . . . the nature and circumstances of the offense; . . .  the history and characteristics of the prisoner; . . . any statement by the court that imposed the sentence ... and . . . any pertinent policy statement issued by the Sentencing Commission ..." 18 U.S.C. §§ 3621(b)(1)-(5).  Thus, a statement by the sentencing court is one of five factors that the BOP may consider.  But the ultimate decision is solely that of the BOP. 18 U.S.C. § 3621(b) ("Place of imprisonment. The Bureau of Prisons shall designate the place of the prisoner's imprisonment…").

The Court declines to make a recommendation regarding McDuffie's placement during the last year of his imprisonment, an event which will occur approximately five years in the

future. Thus, at this time, the Court will defer to the judgment of the BOP with respect to decisions regarding his placement during his last twelve months.

Also, the BOP is under a statutory obligation to place McDuffie as close as practicable to his primary residence, and one factor for consideration, among seven, is a "recommendation of the sentencing court". 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment, and shall, subject to bed availability, the prisoner's security designation, the prisoner's programmatic needs, the prisoner's mental and medical health needs, any request made by the prisoner related to faith-based needs, recommendations of the sentencing court, and other security concerns of the Bureau of Prisons, place the prisoner in a facility as close as practicable to the prisoner's primary residence, and to the extent practicable, in a facility within 500 driving miles of that residence.) Thus, to the extent that the BOP determines there is proper placement close to Mobile, Alabama, the Court concurs.

**DONE** and **ORDERED** this the 5th day of November 2024.

                                                **s/ Kristi K. DuBose**
                                                **KRISTI K. DuBOSE**
                                                **UNITED STATES DISTRICT JUDGE**